| | |
|---|---|
| Case No. **CV 18-6801-JFW(Ex)** | Date: October 11, 2018 |

Title: Demar Membreno -v- The Goodyear Tire and Rubber Company, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF DEMAR MEMBRENO'S MOTION TO REMAND THE ACTION TO STATE COURT AND REQUEST FOR ATTORNEYS' FEES IN THE AMOUNT OF $12,600 PURSUANT TO 28 U.S.C. § 1447(c) [filed 9/4/18; Docket No. 14]

On September 4, 2018, Plaintiff Demar Membreno ("Plaintiff") filed a Motion to Remand the Action to State Court and Request for Attorneys' Fees ("Motion"). On September 24, 2018, Defendant The Goodyear Tire & Rubber Company ("Goodyear") filed its Opposition. On October 1, 2018, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for October 15, 2018 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural Background**

**A.    Goodyear's First Removal of This Action to This Court.**

On January 10, 2018, Plaintiff filed a Complaint against Defendants Goodyear, Just Tires PC ("Just Tires"), and Hector Contreras ("Contreras") (collectively, "Defendants") in Los Angeles Superior Court, alleging the following causes of action: (1) disability discrimination in violation of Government Code § 12940(a); (2) failure to provide reasonable accommodation in violation of Government Code § 12940(m); (3) failure to engage in the interactive process in violation of Government Code § 12940(n); (4) retaliation in violation of Government Code § 12940(f); (5) violation of Government Code § 12940(i); (6) violation of Government Code § 12945.1 of the

California Family Rights Act; (7) retaliation for requesting/taking California Family Rights Act Leave; (8) wrongful termination in violation of public policy; and (9) intentional infliction of emotional distress. On March 28, 2018, Goodyear filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), and that case was assigned Case No. 18-cv-2509-JFW (Ex) ("*Membreno I*"). In the Notice of Removal, Goodyear alleged that diversity jurisdiction existed because although Plaintiff and Contreras were both citizens of California, Contreras's citizenship could be ignored because he had been fraudulently joined. On April 2, 2018, the Court issued an Order Show Cause Why Action Should Not be Remanded for Lack of Subject Matter Jurisdiction. On April 5, 2018, Goodyear and Contreras filed their Responses to the OSC. On April 10, 2018, this Court entered an Order Remanding Action to Los Angeles Superior Court, remanding *Membreno I* to Los Angeles Superior Court for lack of subject matter jurisdiction because the Court concluded that Goodyear had failed to meet its heavy burden of demonstrating fraudulent joinder.

### B. Goodyear's Second Removal of This Action to This Court.

After *Membreno I* was remanded to Los Angeles Superior Court, Defendants filed a demurrer seeking the dismissal of Plaintiff's ninth cause of action for intentional infliction of emotional distress, which named Contreras, on May 10, 2018.[1] On July 16, 2018, after hearing argument on Defendants' demurrer, Judge White sustained the demurrer without leave to amend. On July 17, 2018, Goodyear filed its Answer to Plaintiff's Complaint. On August 8, 2018, Goodyear filed a Notice of Removal and the action was assigned Case No. 18-cv-6801-JFW (Ex) ("*Membreno II*"). In the Notice of Removal, Goodyear alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the only remaining parties, Plaintiff and Goodyear, are diverse. In his Motion, Plaintiff seeks the remand of *Membreno II* to Los Angeles Superior Court.

## II. Legal Standard

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"*).*

## III. Discussion

---

[1] Goodyear's demurrer also sought the dismissal of Plaintiff's fifth cause of action. In addition, Goodyear filed a motion to quash with respect to "The Goodyear Tire & Rubber Company d/b/a Just Tires" and "Just Tires PC." After meeting and conferring on the motion to quash, Plaintiff agreed to dismiss these two Defendants and filed a Request for Dismissal on June 14, 2018. Defendants filed a Notice of Withdrawal of Motion to Quash on June 20, 2018.

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. In his Motion, Plaintiff argues that diversity jurisdiction does not exist because the non-diverse Defendant, Contreras, was involuntarily dismissed from *Membreno I*. Goodyear argues that diversity jurisdiction does exist because the two remaining parties, Plaintiff and Goodyear, are diverse and Contreras's citizenship should be ignored because he was fraudulently joined.

### A.　　The Voluntary-Involuntary Rule

"[O]nly a voluntary act of the plaintiff [can] bring about removal to federal court." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978). This rule is known as the "voluntary-involuntary" rule, and "requires that a suit remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." *Id.* at 657 (*citing Powers v. Chesapeake & O. Ry.*, 169 U.S. 92 (1898)); *see also People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993) ("Since a voluntary act by the plaintiff has not rendered the case removable, it must remain in state court"). Where a case is not removable when commenced, the case can only become removable on diversity grounds "by the voluntary dismissal or nonsuit by [plaintiff] of a party or of parties defendant." *Self*, 588 F.2d at 659 (internal citations omitted). A nonremovable case cannot be converted into a removable one "by an order of the court upon any issue tried upon the merits." *Id.*; *see also Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918) (internal citations omitted). Such a rule "protect[s] against the possibility that a party might secure a reversal on appeal in state court of the non-diverse party's dismissal . . . producing renewed lack of complete diversity in the state court action." *See, e.g., Quinn v. Aetna Life & Casualty Co.*, 616 F.2d 38, 40 n.2 (2d Cir. 1980) (internal citations omitted).

In this case, Contreras was dismissed by an order of the Los Angeles Superior Court, not by Plaintiff's voluntary action. Under the voluntary-involuntary rule, the dismissal did not render the case removable, and, thus, removal to this Court was improper.

### B.　　Fraudulent Joinder

An exception to the voluntary-involuntary rule exists where the non-diverse party has been fraudulently joined. *Graybill-Bundgard v. Standard Ins. Co.*, 793 F. Supp. 2d 1117, 1119-20 (N.D. Cal. 2011) (*citing Self*, 588 F.2d at 656). Under that scenario, the court may ignore the presence of the so-called "sham party" for the purpose of determining the existence of diversity. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citation omitted). However, there is a "general presumption against fraudulent joinder" in addition to "the strong presumption against removal jurisdiction." *Id.* at 1046.

"Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent." *Health Pro Dental Corp. v. Travelers Prop. Cas. Co. of Am.*, 2017 WL 1033970, at *3 (C.D. Cal. Mar. 17, 2017). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th

Cir. 2007). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the non-diverse defendant. *See Plute*, 141 F. Supp. 2d at 1008. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.* "[A] removing defendant alleging fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. Rather, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies." *Martinez v. Michaels*, 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015) (quotations and citations omitted).

In this case, the Court concludes that Goodyear has again failed to meet its heavy burden of demonstrating fraudulent joinder. In his Complaint, Plaintiff alleges a claim for intentional infliction of emotional distress against Contreras. Although Goodyear argued when it initially removed *Membreno I* that Plaintiff could not possibly prevail on his claim against Contreras, this Court could not conclude that Plaintiff had no possibility of prevailing on his claim against Contreras. *See Vincent v. First Republic Bank Inc.*, 2010 WL 1980223, at *4 (N.D. Cal. May 17, 2010) ("While plaintiff's allegations may fall short of proving outrageous conduct, this order cannot conclude that plaintiff has absolutely no possibility of stating a claim, if afforded an opportunity to amend"); *see also Barsell v. Urban Outfitters, Inc.*, 2009 WL 1916495, at *5 (C.D. Cal. Jul. 1, 2009) (quotations and citations omitted) ("There is no authority for the proposition that [a manager] may not be liable in tort for the intentional infliction of emotional distress providing all of the elements of that tort are satisfied. Indeed, California case law is replete with cases where conduct of the employer or one of its agents or employees is so outside the bounds of conduct tolerated by a decent society that it may give rise to a claim for intentional infliction of emotional distress"). Although Contreras has since been dismissed from *Membreno I* by the Los Angeles Superior Court pursuant to Goodyear's demurrer, that dismissal is not sufficient for Goodyear "to overcome [its] burden on removal." *See, e.g., Carr v. Novo Nordisk, Inc.*, 2018 WL 3617643 (C.D. Cal. July 27, 2018) ("Thus, that complete diversity existed at the time of defendants' removal because the state court had sustained Lamanna's demurrer without leave to amend is insufficient to justify defendants' removal").

Accordingly, the Court grants Plaintiff's Motion for Remand.

### C. Plaintiff's Request for Attorneys' Fees

In the event the Court remands this action, Plaintiff seeks attorneys' fees under 28 U.S.C. § 1447(c). "Under 28 U.S.C. § 1447(c), '[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Federal Home Loan Mortg. Corp. v. Lettenmaier*, 2011 WL 1297960, *1 (D.Or. Apr. 5, 2011) (quoting 28 U.S.C. § 1447(c)). "'Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.'" *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

"Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the removal is ultimately unsuccessful." *Id.* (*citing Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir.2008)). "Rather, the court should assess 'whether the relevant case law clearly foreclosed the defendant's basis of removal' by examining the 'clarity of the law at the time of removal.'" *Id.* (*quoting Lussier*, 518 F.3d 1066); *see also Patel v. Del Taco, Inc.*, 446 F.3d 996, 999–1000 (9th Cir.2006) ("Del Taco's state court petition to confirm the arbitration award contained only one state law cause of action; it did not contain any federal claim that could provide the basis for a § 1441(c) removal. Joinder of a federal claim and a claim for removal of a state court action in a federal complaint cannot effect a § 1441(c) removal. There being no objectively reasonable basis for removal, the district court did not abuse its discretion in awarding attorney's fees under § 1447(c) to Del Taco").

In this case, although not ultimately persuasive, the Court does not find Goodyear's arguments so objectively unreasonable as to warrant an award of attorneys' fees. *See Lussier*, 518 F.3d at 1065 (noting that while "[t]here is no question that [the defendant's] arguments were losers[,] . . . removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted"); *Morales v. Gruma Corp.*, 2013 WL 6018040, *6 (C.D. Cal. Nov. 12, 2013) (declining to award attorneys' fees); *Coastal Const. Co. v. N. Am. Specialty Ins. Co.,* 2010 WL 2816694, *8 (D.Haw. July 14, 2010) ("While the Court concludes that NAS's arguments for fraudulent joinder lack merit, the Court does not find NAS's arguments to be objectively unreasonable as to warrant payment of attorneys' fees and costs").

Accordingly, the Court denies Plaintiff's Request for Attorneys' Fees.

## IV. Conclusion

For all the foregoing reasons, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**. Plaintiff's Motion for Remand is **GRANTED**, and this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Plaintiff's Request for Attorneys' Fees is **DENIED**.

IT IS SO ORDERED.